IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROMEO COOLEY )<br>      Plaintiff )<br>)<br>)<br>      v. )<br>)<br>)<br>MICHAEL DUNLAVEY, et al, )<br>      Defendants. ) | C.A. No. 07-173 Erie<br><br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendant Richmond (document # 17) be granted; the motion to dismiss filed by Defendant Dunlavey (document # 22) be granted; and the motion to dismiss filed by Defendants Brooks and Lowry (document # 25) be granted. The Clerk of Courts should be directed to close this case.

By separate text order issued this day, Plaintiff's motion to amend his statement against Defendant Lowry (document # 30) is granted and Plaintiff's motion for relief (document # 36) is denied.

**II.    REPORT**

    **A.    Procedural History**

On July 11, 2007, Plaintiff, a state inmate incarcerated within the Pennsylvania Department of Corrections, filed the instant civil rights action.[1] Named as Defendants are:

---

[1] On October 17, 2008, Plaintiff filed a petition for writ of habeas corpus in this Court challenging his criminal conviction at 3721 of 2004 in the Court of Common Pleas of Erie County, the same conviction which Plaintiff challenges in this civil rights action. See Civil Action No.07-285E.

1

Court of Common Pleas Judge Michael Dunlavey; Assistant District Attorney Mark Richmond; Douglas Lowry; and Superintendent Marilyn Brooks.

Plaintiff alleges that Court of Common Pleas Judge Dunlavey altered a document at the conclusion of Plaintiff's criminal case at 3721 of 2004 which resulted in Plaintiff being found guilty of a new charge. Allegedly Judge Dunlavey knowingly conspired with ADA Richmond and Lowry and Brooks to illegally imprison him. Plaintiff further alleges that Judge Dunlavey forwarded these falsified court records to the state parole board and to the State Correctional Institution at Albion. The Parole Board then used these falsified records to revoke Plaintiff's street time. Plaintiff claims he is being imprisoned unlawfully in violation of his Fifth, Eighth, and Fourteenth Amendment rights. As relief, Plaintiff seeks release from imprisonment. See Document # 5, Complaint; Document # 36, Motion for Relief.

Defendant Richmond has filed a motion to dismiss [document # 17]; Defendant Dunlavey has filed a motion to dismiss [document # 22]; and Defendants Lowry and Brooks have filed a motion to dismiss [document # 25]. Defendants provide several arguments for the dismissal of this civil rights action against them and Plaintiff has filed several briefs in opposition to the pending dispositive motions. These issues are fully briefed and are ripe for disposition by this Court.

### B. Standards of Review
#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read

"with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, ___ U.S. ___, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906

(3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469 (February 22, 2008) quoting Phillips v. County of Allegheny, ___ F.3d ___, 2008 WL 305025, at *5 (3d Cir. Feb. 5, 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 2008 WL 305025, at *6 quoting Twombly, ___ U.S. at ___, 127 S.Ct. at 1965 n.3.

### C. The Relief Sought

To the extent that Plaintiff seeks the reversal of his criminal conviction, such a remedy is not available to him by way of a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). A prisoner may seek federal habeas relief if he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980)(the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974)(basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser, 411 U.S.475; United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977). Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks as his relief immediate or speedier release from

confinement. Heck, 512 U.S. at 480, explaining Preiser, 411 U.S. at 490. Although filed as a civil rights action, the relief which Plaintiff seeks is only appropriate in a habeas action and therefore this civil rights action against these Defendants should be dismissed.

### D. The favorable termination requirement of Heck v. Humphrey

Alternatively, Defendants argue that this action should be dismissed pursuant to the favorable termination requirement of Heck v. Humphrey [512 U.S. 447 (1994)] and its progeny. In Heck, the Supreme Court held that a state prisoner could not maintain a § 1983 action for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487 The Court has summarized this so-called "favorable termination requirement" by explaining that a "state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). See also Hill v. McDonough, 574 U.S. 73 (2006); Muhammad v. Close, 540 U.S. 749 (2004).

Here, Plaintiff's underlying criminal conviction has not been reversed or set aside.[2] A finding by this Court that Defendants violated Plaintiff's constitutional rights during the trial and subsequent conviction would "necessarily imply the invalidity" of that conviction. In fact, Plaintiff is requesting immediate release due to his allegedly false imprisonment. Such an allegation directly calls into question the validity of his conviction. Accordingly, Plaintiff's action is precluded by Heck and the motions to dismiss should be granted.

---

[2] In fact, this Court has recommended that Petitioner's petition for writ of habeas corpus be dismissed as Petitioner has failed to exhaust his state court remedies. See C.A. No. 07-285E, document # 42.

### III. CONCLUSION

It is respectfully recommended that the motion to dismiss filed by Defendant Richmond (document # 17) be granted; the motion to dismiss filed by Defendant Dunlavey (document # 22) be granted; and the motion to dismiss filed by Defendants Brooks and Lowry (document # 25) be granted. The Clerk of Courts should be directed to close this case.

By separate text order issued this day, Plaintiff's motion to amend his statement against Defendant Lowry (document # 30) is granted and Plaintiff's motion for relief (document # 36) is denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
Chief United States Magistrate Judge

Dated: August 19, 2008